# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

ISRAEL ALVARADO, et al.,

Plaintiffs-Appellants,

v.

LLOYD J. AUSTIN, III, et al.,

Defendants-Appellees.

No. 23-1419

**DEFENDANTS-APPELLEES' MOTION TO DISMISS APPEAL AS MOOT**

Defendants move to dismiss this appeal as moot. Plaintiffs' suit challenges the military's COVID-19 vaccination requirement, which was rescinded in January 2023 at Congress' direction. The military has halted all pending separations and removed from service members' files any adverse actions associated with the denial of a COVID-19 vaccination exemption. No plaintiff in this case was separated as a result of their decision to decline the COVID-19 vaccine, nor do any have adverse actions in their files associated with that decision. As a result, plaintiffs' claims are now moot. Plaintiffs oppose this motion and intend to file a response in opposition.

## BACKGROUND

**A. The Military's Former COVID-19 Vaccination Requirement**

**1.** On August 24, 2021—the day after the Food and Drug Administration (FDA) approved a license for the Pfizer-BioNTech vaccine—the Secretary of Defense added

the COVID-19 vaccine to the list of nine others required of all service members. *See* Department of Defense, *Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members* (Aug. 24, 2021), https://perma.cc/4F46-ELPS (August 2021 Memorandum). Service members could satisfy the requirement by getting the Pfizer vaccine or by getting another COVID-19 vaccine authorized by FDA or listed by the World Health Organization. *Id.*

As with other required vaccines, service members could seek religious exemption from the COVID-19 vaccination requirement. *See* August 2021 Memorandum. If a service member's religious exemption request was denied, the service member could appeal to a senior official. *See* A179-82 (Mahoney Decl., RE 65-4, PageID754-57); A196-98 (Merz Decl., RE 65-5, PageID1043-45); A221-27 (Streett Decl., RE 65-13, PageID1316-22).[1] If that too was denied, the service member could either receive the vaccine, wait for the military to initiate separation proceedings, or—if eligible—retire. Although separation proceedings vary by service, rank, time in service, and other factors, they generally take many months, involve multiple levels of review at which the service member can present arguments against separation, and can result in a decision to retain the member in service. *See* A183-87 (Mahoney Decl., RE 65-4, PageID758-62); A199-205 (Merz Decl., RE 65-5, PageID1046-51); A229-34 (Hernandez Decl., RE 65-17, PageID1338-43). Service members were not subject to separation based on their

---

[1] Citations to A__ are to the addendum to this motion.

decision to decline the COVID-19 vaccine if they had a pending exemption request or administrative appeal. *Id.* Moreover, were a service member discharged for declining the COVID-19 vaccine, he or she would receive an honorable discharge or, at worst, a general discharge under honorable conditions. *See* A173-74 (Mahoney Decl., RE 65-4, PageID748-49); A203-04 (Merz Decl., RE 65-5, PageID1050-51); A233-34 (Hernandez Decl., RE 65-17, PageID1342-43).

**2.** On January 10, 2023, the Secretary of Defense rescinded the military's COVID-19 vaccination requirement. A254 (Rescission Memorandum, RE 94-1, PageID3382). The prior month, Congress had passed, and the President signed into law, the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (2023 NDAA), Pub. L. No. 117-263, 136 Stat. 2395 (2022). Section 525 of the 2023 NDAA—enacted over the objection of the Department of Defense—obligated the Secretary of Defense to rescind the requirement laid out in the August 2021 Memorandum. 136 Stat. at 2571-2572; *see, e.g.*, Transcript of Press Briefing by Deputy Pentagon Press Secretary (Dec. 7, 2022), https://perma.cc/EXQ2-FNBN.

The Secretary of Defense's Rescission Memorandum provided that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds." A254 (Rescission Memorandum, RE 94-1, PageID3382). In addition, it directed the military departments to "update the records of such individuals to remove any adverse actions solely associated with denials

3

of such requests, including letters of reprimand," and to "cease any ongoing reviews of current Service member religious, administrative, or medical accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials of such requests." A254 (Rescission Memorandum, RE 94-1, PageID3382). It further stated that former service members who were discharged on the sole basis that they failed to obey an order to receive a COVID-19 vaccine "may petition their Military Department's Discharge Review Boards and Boards for Correction of Military or Naval Records to individually request a correction to their personnel records, including records regarding the characterization of their discharge." A255 (Rescission Memorandum, RE 94-1, PageID3383). The memorandum noted that commanders retained the ability "to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions." A255 (Rescission Memorandum, RE 94-1, PageID3383).

The Department of Defense has since issued guidance implementing the rescission and updating other vaccination-related policies. In February 2023, for example, the Deputy Secretary of Defense issued guidance emphasizing that the Rescission Memorandum "rendered all Department of Defense Component policies, directives, and guidance implementing [the] vaccination mandates as no longer in effect as of January 10, 2023." Department of Defense, *Guidance for Implementing Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces* (Feb. 24, 2023), https://perma.cc/ZBU8-YELM. This

4

included, but was not limited to, "any COVID-19 vaccination requirements or related theater entry requirements and any limitations on deployability of Service members who are not vaccinated against COVID-19." *Id.* The Deputy Secretary directed commanders to comply with foreign-nation entry requirements, but has otherwise prohibited individual commanders from requiring vaccination against COVID-19 or considering a member's COVID-19 immunization status when making "deployment, assignment, and other operational decisions, absent establishment of a new immunization requirement" to be approved at the level of the Assistant Secretary of Defense for Health Affairs, which will occur "only when justified by compelling operational needs and will be as narrowly tailored as possible." *Id.*

Each of the military services has also issued its own implementing guidance, halting ongoing enforcement actions and removing adverse actions from service members' files. *See, e.g.*, Air Force, *DAF Issues Guidance on COVID-related adverse actions; Religious Accommodation Requests* (Feb. 27, 2023), https://perma.cc/4NF3-UFPD; Secretary of the Army, *Army Policy Implementing the Secretary of Defense Coronavirus Disease 2019 (COVID-19) Vaccination Mandate Rescission* (Feb. 24, 2023), https://perma.cc/7JZG-G2ZA; Navy, NAVADMIN 065/23, *Follow On COVID-19 Vaccine Rescission Actions* (March 6, 2023), https://www.mynavyhr.navy.mil/Portals/ 55/Messages/NAVADMIN/NAV2023/NAV23065.txt?ver=5D-VSbRc-Pt_Qjy8W ecHeQ%3d%3d; *see also* National Guard Bureau, *Return of Non-Federalized T32 National Guard Service Members to Non-Federalized Title 32 Duty* (Jan. 18, 2023),

5

https://perma.cc/3JHS-MJEK (stating that non-federalized National Guard members could resume participation in drills, training, and other duties conducted under Title 32 of the U.S. Code).

### B. Plaintiffs' Challenge to the Military's Former COVID-19 Vaccination Requirement

**1.** Plaintiffs are 42 military chaplains who objected to the military's former COVID-19 vaccination requirement and who sought religious exemptions from that requirement. Plaintiffs filed suit in the Middle District of Florida in May 2022 on behalf of a putative class of military chaplains, asserting statutory and constitutional claims against the military, the Department of Health and Human Services (HHS), FDA, and the Centers for Disease Control and Prevention (CDC). Specifically, plaintiffs argue that the COVID-19 vaccination requirement and the military's alleged "policy of uniformly denying religious accommodations" related to that requirement violate the Religious Freedom Restoration Act and the Administrative Procedure Act, as well as a number of constitutional provisions and principles, including Article VI's prohibition on religious tests, various clauses of the First Amendment, due process, and separation of powers. A93-123 (Compl., RE 1, PageID93-123).

Plaintiffs also argue that requiring them to receive the COVID-19 vaccine would violate Section 533(b) of the 2013 National Defense Authorization Act (2013 NDAA), which prevents the military from "requir[ing] a chaplain to perform any rite, ritual, or ceremony that is contrary to the conscience, moral principles, or religious beliefs of the

6

chaplain." National Defense Authorization Act for Fiscal Year 2013, § 533(b), Pub. L. 112-239, 126 Stat. 1631, 1727 (2013). A90-93 (Compl., RE 1, PageID90-93). And they argue that the military has failed to provide "comprehensive training" on "religious liberty," which plaintiffs claim is implicitly required by Section 533(b) of the 2013 NDAA and by a Senate Committee Report on the 2018 National Defense Authorization Act. A90-93 (Compl., RE 1, PageID90-93).

More generally, plaintiffs challenge the military's COVID-19 vaccination requirement on the basis that it "rest[ed] on an erroneous, fraudulent, and unlawful bureaucratic change in September 2021 to the centuries-old definition of a vaccine." A11 (Compl., RE 1, PageID11). Because (in plaintiffs' view) the available COVID-19 vaccines do not prevent recipients from contracting COVID-19, they are not properly referred to as "vaccines." A11 (Compl., RE 1, PageID11).

Plaintiffs' complaint sought prospective relief. Specifically, plaintiffs asked the district court to enjoin the military's COVID-19 vaccination requirement and alleged policy of denying religious exemptions to that requirement, as well as any adverse or retaliatory action against plaintiffs relating to their exemption requests or legal challenges. A123-24 (Compl., RE 1, PageID123-24). Plaintiffs also asked the district court to declare that defendants had acted in bad faith and to declare unlawful the military's alleged no-exemption policy and CDC's "vaccine redefinition." A123-24 (Compl., RE 1, PageID123-24). Finally, plaintiffs asked the court to order the military

7

to "repair and restore Plaintiffs' careers and personnel records." A124 (Compl., RE 1, PageID124).

In June 2022, ten months after the Secretary imposed the COVID-19 vaccination requirement, plaintiffs moved for a preliminary injunction in the Middle District of Florida. Following a hearing on that motion, the court transferred the case to the Eastern District of Virginia, where plaintiffs renewed their motion for a preliminary injunction, asking the court to "enjoin the Defendants' constitutional and statutory violations in connection with the [military's] COVID-19 'vaccine' mandate." A127 (Preliminary Injunction Motion, RE 60, PageID314). By the time plaintiffs moved for a preliminary injunction in the Eastern District of Virginia, district courts had enjoined separation proceedings for Navy and Air Force service members who had requested religious exemptions. *See Doster v. Kendall*, No. 1:22-cv-84, 2022 WL 2974733 (S.D. Ohio July 27, 2022) (class-wide preliminary injunction for Air Force service members who had requested a religious exemption); *Navy SEALs 1-26 v. Austin*, 594 F. Supp. 3d 767 (N.D. Tex. 2022) (class-wide preliminary injunction for Navy service members who had requested a religious exemption).

**2.** The district court denied plaintiffs' motion for a preliminary injunction and dismissed the case for lack of subject-matter jurisdiction. A253 (Order, RE 86, PageID3209). Not only had plaintiffs asked the court to overturn non-justiciable military judgments, the court reasoned, plaintiffs had also failed to exhaust their intraservice remedies. *See Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971); *Williams v.*

8

*Wilson*, 762 F.2d 357, 360 (4th Cir. 1985). A251-52 (Order, RE 86, PageID3198, 3207-08). At the time, some plaintiffs had not even received an initial decision on their religious exemption requests, while others still had administrative appeals pending. None had "actually gone through separation proceedings," much less presented their arguments against the vaccine requirement in those proceedings. A246 (Order, RE 86, PageID3202).[2]

**3.** Plaintiffs moved for reconsideration and the district court denied that motion in February 2023. A283 (Memorandum Opinion and Order, RE 98, PageID3540). According to the district court, the passage of the 2023 NDAA confirmed that the vaccination requirement was subject to civilian review through the political branches and underscored the prematurity of plaintiffs' claims. A284 (Memorandum Opinion and Order, RE 98, PageID3541). In light of the 2023 NDAA, plaintiffs were no longer at risk of separation based on their objection to the COVID-19 vaccine. A285 (Memorandum Opinion and Order, RE 98, PageID3542-43). And any alleged ongoing or future harms were entirely speculative because the military was still in the process of implementing the rescission. In short, plaintiffs' claims based on their religious exemption requests were "now stale," and any remaining grievances plaintiffs might

---

[2] Plaintiffs had also moved to certify a class of all military chaplains who requested religious exemptions from the COVID-19 vaccination requirement. *See* Class Certification Motion, RE 72, PageID2868. The district court denied that motion as moot when it dismissed the case. A253 (Order, RE 86, PageID3209).

9

have as to the way in which the rescission was implemented were not ripe for adjudication. A285-86 (Memorandum Opinion and Order, RE 98, PageID3542-43).

## ARGUMENT

The Court should dismiss this appeal as moot. Plaintiffs challenge the military's COVID-19 vaccination requirement, which has now been rescinded at Congress' direction. As a result, the relief that plaintiffs seek—prospective relief aimed at shielding plaintiffs from the effects of that requirement—would have no practical effect. In short, plaintiffs have no ongoing stake in challenging the military's now-defunct COVID-19 vaccination requirement.

**1.** The mootness doctrine is rooted in Article III's "case-or-controversy limitation on federal judicial power." *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162 (4th Cir. 2021). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)); *Eden, LLC v. Justice*, 36 F.4th 166, 169 (4th Cir. 2022). Absent a live stake in the litigation, a court ruling "would constitute an impermissible advisory opinion." *Lighthouse*, 20 F.4th at 162. In other words, the Court "'may only decide cases that matter in the real world' at the time [the Court] decide[s] them." *Eden*, 36 F.4th at 170 (quoting *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)). If a ruling would not have "any practical effect," the case is moot and must be dismissed. *See Long v. Pekoske*, 38 F.4th 417, 423 (4th Cir. 2022) (quoting *Norfolk S. Ry.*, 608 F.3d at 161).

The termination of a challenged policy typically moots a case. In *Lighthouse*, for example, a church challenged two Virginia executive orders designed to combat the spread of COVID-19. 20 F.4th at 159-60. When those and other COVID-19 orders expired, the Court observed that it was "clear" that the "proceedings no longer present[ed] a live controversy, absent some exception to mootness." *Id.* at 162; *see also Eden*, 36 F.4th at 168 (challenge to West Virginia executive orders on COVID-19 was moot because the orders had been terminated and were not likely to be reimposed); *Lux v. White*, 99 F. App'x 490, 492 (4th Cir. 2004) (per curiam) (repeal of challenged ordinance without indication that it would be reenacted had "clearly rendered the entire case moot").

In the same vein, a case is typically moot when factual developments provide the plaintiff with the relief he seeks. *See, e.g.*, *Eden*, 36 F.4th at 170 ("Win or lose, [plaintiffs] have already received the 'precise relief' they sought in this case."). In *Long*, for example, an individual challenged his inclusion on the government's "No Fly List." 38 F.4th at 423. When the government removed the plaintiff from the No Fly List and assured the Court that it had no plans to re-add him, plaintiffs' challenge was moot. *Id.* As the Court explained, "any future controversy of Long's No-Fly status is not only distant and hypothetical but would also depend on a new set of facts. A declaratory judgment on his *past* status would therefore have no practical effect." *Id.*

Plaintiffs seek prospective relief from the military's former COVID-19 vaccination requirement. As in *Lighthouse* and *Eden*, because there is no longer a

11

COVID-19 vaccination requirement to enjoin, plaintiffs' request for injunctive relief as to that requirement is moot. And so too is their request for declaratory relief, which cannot present a live issue unless "there is a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Long*, 38 F.4th at 423 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). There is no such controversy here. A declaratory judgment opining on the validity of a former policy (or on the CDC's "vaccine redefinition" that plaintiffs say undergirded the military's requirement) would have no practical effect on plaintiffs. No plaintiff in this case was separated as a result of his or her decision to decline the COVID-19 vaccine. And any plaintiff that had an adverse action in his or her file has had that adverse action removed from his or her records. Going forward, no plaintiff will be required to receive the COVID-19 vaccine under the now-rescinded August 2021 policy or be disciplined for declining it. Plaintiffs have therefore received all the relief for which they could have hoped in their suit. As a result, there no longer remains a live case or controversy under Article III.

In district court, plaintiffs' theory of post-rescission injury boiled down to the assertion that their careers will be impeded, either because of opportunities they could not pursue while the vaccine requirement was in effect or because decisionmakers will view them negatively on the basis of their religious exemption requests. *See* A273-76 (Reconsideration Reply, RE 95, PageID3403-06). Such speculation is not sufficient to maintain a case or controversy. *See O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 245 (4th Cir.

12

2023). Nor is it within the power of the judiciary to dispense promotions and rewrite evaluations on behalf of military commanders. *See, e.g.*, *Orloff v. Willoughby*, 345 U.S. 83, 92 (1953) ("Whether Orloff deserves appointment is not for judges to say and it would be idle, or worse, to remand this case to the lower courts on any question concerning his claim to a commission."); *see also Austin v. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring) ("As the Court has long emphasized, . . . the 'complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments." (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973)); *cf.* A275 (Reconsideration Reply, RE 95, PageID3405) (plaintiffs' suggestion that they will not consider their careers "restored" until the military "acknowledge[es] publicly [that] Plaintiffs have demonstrated the highest quality and character of officers and chaplains" and "order[s] selection boards to consider COVID related issues as things to reward"). Plaintiffs cannot sustain their challenge with requests that are not in the Court's power to grant. In any event, to the extent plaintiffs' claims of injury depend on new facts, those are more properly pursued by filing a new case, not by attempting to fit those into a challenge to a non-existent requirement.

**2.** No exception to mootness calls this conclusion into question. Congress mandated—over the objection of the Department of Defense—that the military rescind its COVID-19 vaccination requirement. *See supra* p. 3. In other words, the military did not voluntarily change the challenged policy. As a result, there is "no whiff

13

of any of the opportunism, on the part of the defendant, that typically supports invocations of mootness exceptions where voluntary cessation of the challenged conduct is at issue." *Lighthouse*, 20 F.4th at 164 (quoting *American Federation of Gov. Emps. v. Office of Special Counsel*, 1 F.4th 180, 188 (4th Cir. 2021)). Moreover, there is no "reasonable chance that the [challenged] behavior will resume." *See Eden*, 36 F. 4th at 170-72; *see also Chapin Furniture Outlet Inc. v. Town of Chapin*, 252 F. App'x 566, 571 (4th Cir. 2007) ("Only if reenactment is not merely possible but appears probable may [the Court] find the harm to be 'capable of repetition, yet evading review' and hold that the case is not moot."). The military has complied with Congress' directive to remove the vaccination requirement in question and has no intention to reinstate it. Furthermore, to the extent that the military might one day impose a different (*e.g.*, more limited) COVID-19 vaccination requirement—itself the sort of speculation that cannot satisfy Article III, *see O'Leary*, 60 F.4th at 245—there is no basis to presume that plaintiffs would be subject to it or that their requests for religious exemptions would be denied. At minimum, any challenge to such a policy would raise different questions than the now-moot dispute presented here. *See Long*, 38 F.4th at 423.

**3.** Since the Rescission Memorandum, multiple courts have dismissed as moot similar appeals challenging the enforcement of the military's COVID-19 vaccination requirement. *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384, at *1 (9th Cir. Feb. 24, 2023) (dismissing appeal of preliminary injunction denial and dismissal order as moot); *see also Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb.

27, 2023) (dismissing appeal of preliminary injunction denial as moot); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) (same); *Navy SEAL 1 v. Austin*, No. 22-5114, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam) (same), *reh'g en banc denied*, 2023 WL 2795667 (D.C. Cir. Apr. 4, 2023); *Creaghan v. Austin*, No. 22-5135, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam) (same); *cf.* Order, *Navy SEAL 1 v. Secretary of Defense*, No. 22-10645 (11th Cir. May 9, 2023) (remanding preliminary injunction appeal in light of district court's indicative ruling dismissing the case as moot); Order, *Captain v. Secretary of Defense*, No. 22-12029 (11th Cir. May 12, 2023) (same); Order, *Chief Warrant Officer 4 v. Secretary of Defense*, No. 22-13522 (11th Cir. May 12, 2023) (same). The same result is required here.

## CONCLUSION

For the foregoing reasons, this appeal should be dismissed.

Respectfully submitted,

CHARLES W. SCARBOROUGH

/s/ Sarah J. Clark
SARAH J. CLARK
(202) 305-8727
   *Attorneys, Appellate Staff*
   *Civil Division*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave NW*
   *Room 7216*
   *Washington D.C. 20530*

MAY 2023

15

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,504 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

/s/ Sarah J. Clark
SARAH J. CLARK

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Sarah J. Clark*
SARAH J. CLARK
