## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ISRAEL ALVARADO, et al.,

Plaintiffs-Appellants,

v.

No. 23-1419

LLOYD J. AUSTIN, III, et al.,

Defendants-Appellees.

## REPLY IN SUPPORT OF DEFENDANTS-APPELLEES' MOTION TO DISMISS APPEAL AS MOOT

This appeal is moot. Plaintiffs' opposition provides no basis to conclude that their challenge to the military's former COVID-19 vaccination requirement—which has not been in effect for many months—nevertheless continues to present a live case or controversy sufficient to satisfy Article III. With the rescission of the challenged policy and the removal of adverse actions in their files, plaintiffs have received all the relief a court could have given them in their suit. Indeed, numerous courts have concluded as much in similar appeals. Neither plaintiffs' now-academic policy disagreement with the COVID-19 vaccination requirement nor their desire that the military promote them is sufficient to give them an ongoing, concrete stake in this appeal.

**ARGUMENT**

**1.** The core of plaintiffs' argument against mootness is that the military "has not fixed the harms done to Chaplains and their careers." Opp. 2. According to plaintiffs, their challenge cannot become moot until the military has placed them in a career position that plaintiffs consider satisfactory. *See, e.g.*, Opp. 10, 16. But plaintiffs have already had their records restored to the status quo ante. To the extent they request anything beyond that—for example, an injunction requiring the military to promote them—such relief is both unwarranted and outside the court's power. It therefore cannot sustain an Article III controversy.

As a preliminary matter, plaintiffs' assertion that their careers have been "doom[ed]" (Opp. 8) and "ruined" (Opp. 24) is fanciful, as is their suggestion that they face "draconian civil and criminal sanctions" for declining COVID-19 vaccination (Opp. 23). The worst consequence service members ever faced while the COVID-19 vaccination requirement was in place was a general discharge from the military under honorable conditions. A173-74; A203-04; A233-34.[1] And now that the vaccination requirement has been rescinded, even that potential consequence is gone. A254. Under the terms of the rescission, plaintiffs can (and are) continuing on with their careers. Any adverse action related to their decision not to be vaccinated against COVID-19 has been removed. They cannot be punished for their decision not to be vaccinated, nor

---

[1] Citations to A__ are to the addendum to the motion to dismiss.

can commanders consider that decision in making deployment, assignment, and other operational decisions. *See* Mot. 4-5.

Plaintiffs ask the Court to order the military to "repair and restore [their] careers and personnel records" and to "enjoin the military to correct the damage from past retaliation." Opp. 9-10. According to plaintiffs, this would involve the Court ordering the military to "readjust[] [its] attitude from hostility to recognition of its failure to follow the law" and to treat any "missed schooling" and "lost assignments" as "good things, demonstrations of courage, integrity, leadership, etc." Opp. 10-11; *see* Opp. 24 (suggesting that only a court order "will change DoD's attitude"). Of course, the military cannot say that plaintiffs participated in trainings that they never attended or completed tasks they were never assigned. Nor is it appropriate or practicable for a court to order the military to have a different "attitude" toward events that have occurred.

Plaintiffs say that they want the Court to return them to the "pre-mandate status quo." Opp. 16. The balance of their opposition makes clear, however, that they do not just want to be returned to the position they were in before the vaccination requirement was imposed, but rather placed in the position they speculate that they would currently be in if the requirement had never existed. Plaintiffs do not—and cannot—claim that they were demoted because of the requirement and have yet to be restored. Instead, they assert that a handful of them "failed promotion" because of the requirement and that the records of those failures remain in their files. Opp. 12-13. Even accepting that

as true, it is pure speculation that those individuals would have been promoted absent the requirement. And such speculation is not sufficient to maintain a case or controversy. *See O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 245 (4th Cir. 2023).

In any event, military promotion decisions are far outside the expertise and authority of the judiciary. "The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments," vested in the legislative and executive branches. *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973). Indeed, "it is difficult to conceive of an area of governmental activity in which the courts have less competence." *Id.* "[J]udges are not given the task of running the Army," and it is for the military, not the courts, to determine service members' fitness for duty, discipline, and assignments. *See Orloff v. Willoughby*, 345 U.S. 83, 92-93 (1953); *Cioca v. Rumsfeld*, 720 F.3d 505, 511 (4th Cir. 2013) ("'[C]ivilian courts must, at the very least, hesitate long before entertaining a suit [ . . . ] to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the Military Establishment." (quoting *Chappell v. Wallace*, 462 U.S. 296, 300 (1983)); *accord Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring) (admonishing district court for "insert[ing] itself into the Navy's chain of command" and "overriding military commanders' professional military judgments"); *Antonellis v. United States*, 723 F.3d 1328, 1336 (Fed. Cir. 2013) ("Courts are in no

position to determine the 'best qualified Officer' or the 'best match' for a particular billet.").

Plaintiffs cannot maintain their challenge to the now-rescinded vaccination requirement with requests for relief that are not in the Court's power to grant. And although plaintiffs attempt to disavow any request that the Court "dispense promotions" (Opp. 9, quoting Mot. 13), that position cannot be squared with their request that the Court order the military to remedy "promotion failures" (Opp. 12), nor their assumption that the possibility of such relief can keep their suit alive.

Plaintiffs suggest in passing that the "collateral [c]onsequences exception to mootness"—the only mootness exception on which plaintiffs attempt to rely—saves their case from mootness. *See* Opp. 11; *see also* Opp. 2. That exception provides that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57 (1968); *United States v. Lesane*, 40 F.4th 191, 204 (4th Cir. 2022). It therefore permits a convicted criminal defendant to litigate a habeas petition even after his release if collateral legal consequences—*e.g.*, parole restrictions—remain. *See Plymail v. Mirandy*, 8 F.4th 308, 315 (4th Cir. 2021). That principle has no relevance here.

**2.**   Plaintiffs also assert that unresolved legal disputes prevent the case from becoming moot. Opp. 13; *see also* Opp. 3, 24. But the resolution of academic disputes about, *e.g.*, the military's authority to impose the vaccination requirement in the first

place would have no effect in the real world. And where a ruling would have no "practical effect," the case is moot and must be dismissed. *See Long v. Pekoske*, 38 F.4th 417, 423 (4th Cir. 2022) (quoting *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)); *North Carolina v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967) ("[N]o matter which party should prevail here, any order entered on the decision would be of but academic force. The issues on this review thus tender only moot questions and hence the appeal must be dismissed."). Put differently, a decision opining on the lawfulness of the rescinded vaccination requirement "would constitute an impermissible advisory opinion." *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162 (4th Cir. 2021) ("Because the executive orders that Lighthouse Church challenges are no longer in effect and no exception to mootness is applicable, there is presently no live controversy between the parties in these proceedings."); *accord Eden, LLC v. Justice*, 36 F.4th 166, 168, 172 (4th Cir. 2022) (challenge to West Virginia executive orders on COVID-19 was moot because the orders had been terminated and were not likely to be reimposed).

Plaintiffs rely on *North Carolina State Conference of the NAACP v. McCrory*, 831 F.3d 204 (4th Cir. 2016) for the proposition that "[w]hen a practice's legality is in contention, merely stopping it does not moot the case." Opp. 24. That reliance is misplaced, both because *McCrory* did not address mootness and because the state had not actually stopped the challenged practice. In *McCrory*, this Court determined that certain provisions of North Carolina election law were enacted with discriminatory intent. *Id.*

at 215. The Court then considered the appropriate remedy in light of the fact that North Carolina had amended one of the challenged provisions during litigation. *McCrory*, 831 F.3d at 219, 240. Because "the amendment . . . [did] not invalidate or repeal the photo ID requirement," the amendment did not obviate the need for the Court to invalidate the law. *Id.* at 240. *McCrory* therefore does not advance plaintiffs' arguments.

Nor can plaintiffs' scattered merits arguments—for example, about the definition of the term "vaccine" (Opp. 23-24) or about Section 533(b) of the 2013 NDAA (Opp. 10, 14-16) or the Establishment Clause (Opp. 17-21)—save their challenge from mootness. These too are abstract legal disagreements, the resolution of which would have no real world effect on plaintiffs' legal rights. They do not give plaintiffs a concrete interest in maintaining their challenge to the rescinded vaccination requirement.

**3.** Plaintiffs' argument that the rescission of the vaccination requirement means that it was "void from the beginning" (Opp. 21, 24) is both incorrect and irrelevant. That is not the "well-recognized legal and common-law meaning" of the term (Opp. 21), as underscored by the lack of authority cited by plaintiffs to that effect. A rescinded policy—like a repealed law—lacks legal force going forward. (Indeed, that lack of force only underscores that plaintiffs' challenge is moot.) It does not follow from a policy's "rescission" that it lacked legal force from the outset, and nothing in the 2023 NDAA suggests that the military lacked authority to impose the vaccination requirement in the first instance. In any event, even if the requirement was "void from the beginning," it

would not change the fact that the requirement is not in effect today and will not be in effect in the future. That is what renders plaintiffs' appeal moot.

**4.** Nor do plaintiffs have any response to the decisions of multiple courts of appeals that have dismissed as moot similar appeals challenging the enforcement of the vaccination requirement. *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384, at *1 (9th Cir. Feb. 24, 2023) (dismissing appeal of preliminary injunction denial and dismissal order as moot); *see also Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb. 27, 2023) (dismissing appeal of preliminary injunction denial as moot); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) (same); *Navy SEAL 1 v. Austin*, No. 22-5114, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam) (same), *reh'g en banc denied*, 2023 WL 2795667 (D.C. Cir. Apr. 4, 2023); *Creaghan v. Austin*, No. 22-5135, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam) (same); *cf.* Order, *Navy SEAL 1 v. Secretary of Defense*, No. 22-10645 (11th Cir. May 9, 2023) (remanding preliminary injunction appeal in light of district court's indicative ruling dismissing the case as moot); Order, *Captain v. Secretary of Defense*, No. 22-12029 (11th Cir. May 12, 2023) (same); Order, *Chief Warrant Officer 4 v. Secretary of Defense*, No. 22-13522 (11th Cir. May 12, 2023) (same). Plaintiffs offer no basis for distinguishing those decisions, and none exists. This Court should accordingly dismiss this appeal as moot.

## CONCLUSION

For the foregoing reasons, this appeal should be dismissed.

Respectfully submitted,

CHARLES W. SCARBOROUGH

*/s/ Sarah J. Clark*
SARAH J. CLARK
(202) 305-8727
    *Attorneys, Appellate Staff*
    *Civil Division*
    *U.S. Department of Justice*
    *950 Pennsylvania Ave NW*
    *Room 7216*
JUNE 2023     *Washington D.C. 20530*

**CERTIFICATE OF COMPLIANCE**

This reply complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,966 words. This reply also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Sarah J. Clark*
SARAH J. CLARK

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Sarah J. Clark*
SARAH J. CLARK