# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

*ISRAEL ALVARADO, ET AL.*        :
                                 :
*v.*                             :        NO. 23-1419
                                 :        (1:22-cv-00876-AJT-JFA)
*LOYD AUSTIN, III, ET AL.,*      :
                                 :

## APPELLANTS' MOTION FOR ORAL ARGUMENT ON
## APPELLEES' MOTION TO DISMISS FOR MOOTNESS

## INTRODUCTION

Appellant Chaplains  (hereafter "Chaplains") respectfully request that the Court grant them oral argument on Appellees', hereafter collectively "DoD", pending Motion to Dismiss for Mootness ("MTD"), ECF No. 10, for the reasons set forth below.

DoD's counsel stated to Chaplains' counsel that it will oppose this Motion.

The Chaplains' docketing statement indicated they requested oral argument for their appeal. It is appropriate here on this very important mootness issue, whether they may continue to seek relief (1) from the past and continuing harm from DoD's documented retaliation; (2) to stop the alleged irreparable harm evident in the record; and (3) to repair the destruction that DoD's unconstitutional retaliation for seeking religious accommodation requests ("RARs") has caused to these Chaplains' careers and those in the class.

1

## I.    BACKGROUND – COMPETEING WORLD VIEWS

After the Chaplains' began drafting their Opening Brief but before any briefs were filed, DoD filed its MTD, ECF No. 10. DoD erroneously claims it and its Armed Services have implemented the 2023 National Defense Authorization Act's ("NDAA") order to "rescind the Mandate" and Secretary Austin's order to remove all "adverse actions" from the Chaplains' files mooting their claims, MTD at 1, 4-5, 1, 12, 14.

The Chaplains' Opposition ("Opp."), ECF 14, vigorously disputes DoD's claim. They argue DoD's statements on removal and remediation of RAR related "negative actions" are "misleading and deceptive", if not outright false. *Id*. at 1, 8-13, 15-16. Chaplains argue the "negative personnel actions" that have destroyed their careers remain in their records, establishing DoD's deceit. *Id*.

Chaplains have submitted declarations and other evidence showing filing a religious accommodation request RAR resulted in retaliation in the form of failures of promotion, lowered fitness reports, canceled assignments, and denials of schooling necessary for promotion. *Id*. at 12-13, CA98-239 . Promotion selection boards have rejected seven appellants, possibly eight. *See id*. at 12 (naming six); CDR Eastman reports promotion failure to Captain; no one can tell if the Army Deputy Chief of Chaplains (B.G.) Board reviewed Ch (COL) Lewis's record. The

lowered or bad performance reports remain in the Chaplains' official files ensuring continued retaliation and denial of promotion.

These actions directly violate the specific rights and protections Section 533(b) of the 2013 NDAA (as modified by the 2014 NDAA), Addendum 1, created for chaplains who exercise their conscience in accordance with their faith.

Other chaplains report being double slotted, berated, bullied, insulted, and publicly humiliated, and in general treated as third-class citizens contrary to 10 U.S.C. § 1107 (limitations and prohibitions related to experimental vaccine use).

DoD's MTD Reply, ECF No. 17 at 2-5, acknowledges the Chaplains' claims and the reality of these negative personnel actions forbidden by § 533(b), and their consequences, *i.e.*, failures of selection and degraded reports result in noncompetitive careers. DoD has not challenged any chaplain's statement of the bullying, harassment, and destructive negative personnel actions taken against them, nor disputed these negative personnel actions have destroyed careers. DoD's MTD Reply is clear, the Armed Services have no interest and no plans to fix DoD's retaliatory negative personnel actions that destroyed the Chaplains' careers, nor does DoD acknowledge any duty to do so.

After the MTD briefing was complete, both parties filed Rule 28(j) letters highlighting recent decisions as supplemental authority that each party believes

bears on this Court's disposition of the MTD. The parties' briefings and dueling

Rule 28(j) submissions present two incompatible realities, only one can be true.

## II.    ORAL ARGUMENT WOULD BE USEFUL TO THE COURT AND SERVES THE INTERESTS OF JUSTICE

Continuing Legal Education courses on the appellate process stress the

importance of oral argument for the parties and judges. *E.g.*, Appellate Practice-

Virginia and Federal Courts, 3d ed., Virginia Lawyers Practice Handbook (The VA

Law Foundation, 2003 Suppl.), at 235, ¶ 6.202 (Fourth Circuit judges stated

"effective oral argument plays a very significant role in the process of deciding a

case on appeal"); *see also* ¶ 7.204 "Importance of oral argument" (similar).

The facts and issues show DoD's' MTD is not a simple, clear case such as

whether a statute of limitations has been met. This case and this motion raise

several unique issues of first impression that raise serious questions and deserve

major consideration on appeal, including oral argument.

### A.    Chaplains Raise Establishment, Free Exercise and Free Speech Issues Given Their *Unique* Role as Commissioned Faith Representatives Whose Duty Is to Ensure the Military's Religious Liberty.

.

Appellants are chaplains, unique officers commissioned as denominational

or faith group representatives.[1] Chaplains argue two appellate cases addressing

---

[1] *In re England*, 375 F.3d 1169, 1171 (D.C. Cir. 2004) ("A Navy chaplain's role within the service is "unique," involving simultaneous service as clergy or a

constitutional issues concerning that unique role provide the background, logic and

authority entitling them to judgment, *Katcoff v. Marsh*, 755 F.2d 223, 232-234 (2d

Cir. 1985), and *Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290,

302-3 (D.C. Cir. 2006). Opp., ECF No. 14 at 17-20; Chaplains' Preliminary

Injunction Memorandum ("PI"), ECF No. 60 at 3-4; Chaplains' Reconsideration

Motion, ECF No. 89 at 22-23 and notes 13 & 14.

No Fourth Circuit holding, especially in the military context, addresses the

interrelationship of the Establishment, Free Exercise and Free Speech Clauses and

§ 533(b) when the government seeks to force its view of morality, establish a

religious belief standard, *i.e.*, abortion is" okay", and compel faith group

representatives to change the authority directing their conscience from their faith to

a government bureaucrat.

Equally unique is the aspect of irreparable harm that is apparent in the

damage done to these Chaplains and the DoD's willful blindness to that harm.

**B.     Congress Recognized Chaplains' Special, Unique Role and
         Critical Importance in § 533(b)'s Special Conscience Protections**

Section 533(b), Addendum 1, protects chaplains' right to follow their

conscience as formed by their faith. Congress further emphasized the importance

---

"professional representative[]" of a particular religious denomination and as a
commissioned naval officer." (citing OPNAVINST 1730.1, *Chaplains Manual* 1-
2-1-3 (Dep't of the Navy Oct. 3, 1973)).

of chaplains in the FY 2016 NDAA and the 2018 NDAA. *See* Complaint ¶¶ 6, 84, PI at 8-9, 35, 37, 41; Opp. at 14 . Here, the importance of Congress's order to "rescind" the Mandate puts those protections in a more critical and important light. The parties disagree on the legal meaning of the term "rescind", raising serious questions. *E.g.*, Does DoD have authority to ignore a statute's clear command protecting conscience?

### C. Chaplains raise Unique Claims of Retaliation

The Chaplains' claims include retaliation for the exercise of § 533's specific rights and their rights under the Establishment, Free Exercise, Free Speech and Right of Petition and Due process-Equal Protection Clauses. Opp. at 6, 9-10, CA30, CA32.

An important issue concerns the judiciary's power to remedy DoD's retaliation damage, addressing an integral part of DoD's religious hostility to people of faith who follow their conscience.

### D. Oral Argument Would Facilitate the Court's Examination of Other Important Issues.

The Chaplains believe there are at least three topics the Court should evaluate in ruling on the MTD: the scope of the Chaplains' claims in their now-dismissed Complaint and those that remain regardless of rescission; the legal and practical effect of DoD's alleged rescission of its Mandate; and, the Chaplains'

evidence of the continuing harms they are suffering even to this day, despite DoD's' claims to have removed "adverse actions" from the Chaplains' files.

Chief among the various reversible errors inherent in the challenged dismissal order is the trial court's failure to fully acknowledge the Chaplains'' Religious Freedom Restoration Act (RFRA) claims and interaction with §533.

Appellants' RFRA claims are justiciable and not subject to a failure to exhaust administrative remedies defense; and, contrary to DoD's MTD in this Court, the Chaplains' RFRA claims are not mooted even if DoD's fully "rescinded" vaccine Mandate claim were to be believed. Chaplains have already suffered cognizable RFRA damages which cannot be waived away by DoD's promises to do better going forward.

Furthermore, Appellants, as Chaplains, raise important Establishment, Free Exercise, Free Speech, and Due Process Clause claims that DoD's self-described "rescission" does not moot. The trial court's order left unaddressed the vitally important question of when the government can use its power to curtail Chaplains' Free Exercise and proclamations of their religious faith, especially in the face of unambiguous Congressional intent that those Chaplains be given wide latitude.

## CONCLUSION

As explained above, the MTD raises important issues, factors and concerns

that oral argument would significantly clarify. Accordingly, they respectfully

request oral argument to assist the Court in understanding these unique issues and

to direct the Court to the relevant portions of the proceedings below that support

the assertions made herein and in the Chaplains' Opposition to the pending MTD.

Respectfully submitted,

July 28, 2023

/s/*Arthur A. Schulcz, Sr.*
Arthur A. Schulcz, Sr.
VA Bar No. 30174
Chaplains Counsel, PLLC
21043 Honeycreeper Place
Leesburg, VA 20175
Tel. (703) 645-4010
Email: art@chaplainscounsel.com

/s/ *Brandon Johnson*
Brandon Johnson
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Tel. (214) 707-1775
Email: bcj@defendingtherepublic.org

/s/ *J. Andrew Meyer*
J. Andrew Meyer, Esq.
Fla Bar No. 0056766
FINN LAW GROUP, P.A.
8380 Bay Pines Blvd
St. Petersburg, Florida 33709
Tel.: 727-709-7668
Email: ameyer@finnlawgroup.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this Motion for Oral Argument is filed in compliance with the type-volume requirement under Federal Rule of Appellate Procedure 27(d)(2), as it contains 1467 words. I further certify that this Response complies with the typeface and type-style requirements under Federal Rule of Appellate Procedure 27(d)(1)(E), as it was prepared utilizing Word for Microsoft 365 in Times New Roman14-point font, a proportionally spaced typeface.

*/s/Arthur A. Schulcz, Sr*
Arthur A. Schulcz, Sr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of July, 2023, pursuant to this Court's Loc. R. 25(a), I electronically filed the foregoing Response-Opposition to Appellees' Motion to Dismiss for Mootness via the Appellate CM/ECF Portal, which will generate a Notice of Electronic Filing to all parties of record.

*/s/Arthur A. Schulcz, Sr*
Arthur A. Schulcz, Sr.

# ADDENDUM 1

**Section 533 of the 2013 NDAA as Amended by §532(a) of the 2014 NDAA**

### Section 533 of the 2013 NDAA as Amended by §532(a) of the 2014 NDAA

Protection of Rights of Conscience of Members of the Armed Forces and Chaplains of Such Members, Pub. L. 112–239, div. A, title V, §533, Jan. 2, 2013, 126 Stat. 1727, as amended by Pub. L. 113–66, div. A, title V, §532(a), Dec. 26, 2013, 127 Stat. 759, provides that:

"(a) Protection of Rights of Conscience.—

"(1) Accommodation.—Unless it could have an adverse impact on military readiness, unit cohesion, and good order and discipline, the Armed Forces shall accommodate individual expressions of belief of a member of the armed forces reflecting the sincerely held conscience, moral principles, or religious beliefs of the member and, in so far as practicable, may not use such expression of belief as the basis of any adverse personnel action, discrimination, or denial of promotion, schooling, training, or assignment.

"(2) Disciplinary or administrative action.—Nothing in paragraph (1) precludes disciplinary or administrative action for conduct that is proscribed by chapter 47 of title 10, United States Code (the Uniform Code of Military Justice), including actions and speech that threaten good order and discipline.

"(b) Protection of Chaplain Decisions Relating to Conscience, Moral Principles, or Religious Beliefs.—No member of the Armed Forces may—

"(1) require a chaplain to perform any rite, ritual, or ceremony that is contrary to the conscience, moral principles, or religious beliefs of the chaplain; or

"(2) discriminate or take any adverse personnel action against a chaplain, including denial of promotion, schooling, training, or assignment, on the basis of the refusal by the chaplain to comply with a requirement prohibited by paragraph (1).

"(c) Regulations.—The Secretary of Defense shall issue regulations implementing the protections afforded by this section."